Louis B. Heller, J.
In this mortgage foreclosure action plaintiff moves, among other things, for summary judgment pursuant to CPLR 3212 on the ground that the answer interposed by another mortgagee (hereinafter referred to as defendant), claiming to be a senior mortgagee, is without merit. Only that part of the motion seeking summary judgment is opposed.
The defendant’s purchase-money mortgage was dated one day prior to plaintiff’s mortgage but was recorded eight days subsequent to plaintiff’s mortgage. Both mortgages were made the same mortgagors (hereinafter referred to as purchaser).
\In .effect plaintiff contends herein that defendant’s mortgage is Void as against him on the ground that plaintiff acquired his mortgage ‘ ‘ in good faith and for a valuable consideration ”. (Real Property Law, § 291.) Defendant disputes both contentions.
The only evidence which plaintiff submits as proof of payment of valuable consideration, and of good faith, is a statement made by his bank that plaintiff withdrew, by teller’s check payable to the order of the purchaser, the sum of $10,000 (the amount of plaintiff’s mortgage) from his savings account on July 5, 1963. That was 40 days before the purchaser became the title owner of the subject premises on August 14, 1963.
*533 At the time when plaintiff withdrew the said sum of $10,000 from his savings account, the purchaser was under contract to purchase the subject premises from defendant for the sum of $38,200. The purchaser had paid $2,000 on the contract on June 1, 1963. The balance of the purchase price was payable as follows: $25,300 by purchaser securing a first mortgage in that amount; $6,500 by purchaser executing a purchase money mortgage payable to defendant; and the balance in cash.
In the court’s opinion, since the purchaser was not the title owner of the subject premises on July 5, 1963, when plaintiff withdrew the $10,000, plaintiff should have been aware of the existence of the purchase contract. “Notice of any fact calculated to put * * * [him] on inquiry is, in the absence of explanation by him, sufficient to charge him with notice of all instruments which an inquiry would have disclosed. * * * [plaintiff] had information, which amounted to notice that the vendor [defendant] had a lien upon the property for unpaid purchase-money. Having notice of the lien he was bound to inquire as to its extent and the manner by which payment of it was secured.” (Ellis v. Horrman, 90 N. Y. 466, 475.)
That part of the motion seeking summary judgment is denied. The remainder of the relief sought herein is granted without opposition.